TAYLOR *v*. SAMUEL.

5-3255                                            378 S. W. 2d 200

Opinion delivered May 4, 1964.

*L. V. Rhine,* for appellant.

*Kirsch, Cathey & Brown* and *William B. Wharton,* for appellee.

SAM ROBINSON, Associate Justice. This is a suit for damages to personal property. Appellee, Alvin B. Samuel, owned a TD-9 tractor which he left parked in the country near a house occupied by Mrs. Rosa Hyde. The tractor needed repairs, and the water was drained from the radiator and cooling system.

Later, two men delivered some lumber and unloaded it near the tractor. After the lumber was unloaded, they could not get the lumber truck started; they asked Mrs. Hyde for her permission to use the tractor to pull the

truck to get it started; she told them that the tractor did not belong to her, that it was being repaired and that no water was in it. Regardless of the warning given by Mrs. Hyde, the men started the tractor and used it to pull the truck.

This action was filed by appellee, owner of the tractor, who alleged that the appellant, Taylor, his agents and employees, wrongfully and without permission used the tractor when the cooling system contained no water and as a result thereof the tractor was damaged in the sum of $713.39. There was a judgment for Samuel in the amount of $713.00, and Taylor, the defendant, has appealed.

There is substantial evidence that the two men who delivered the lumber used the tractor and damaged it in the stated amount. On the question of agency, Mrs. Hyde was permitted to testify that the men who delivered the lumber told her that they were delivering it for Taylor. Appellant objected on the ground that the testimony was hearsay.

Mrs. Hyde's testimony regarding what the men told her was hearsay and inadmissible. In *Rice* v. *Moudy,* 217 Ark. 816, 233 S. W. 2d 378, this court quoted as follows from 31 C.J.S. 919: ''Evidence is hearsay when its probative force depends on the competency and credibility of some person other than the witness. Subject to certain exceptions, the courts will not receive testimony of a witness as to what some other person told him, as evidence of the existence of the fact asserted.'' None of the exceptions to the hearsay rule are applicable here.

Appellee argues that the fact of agency was clearly established by other evidence, and therefore, even if Mrs. Hyde's testimony of what the men told her was not admissible, it was harmless error; but as we view the record, the agency was not clearly established by other evidence.

Reversed and remanded for new trial.